UNITED STATES DISTRICT COURT CIRCUIT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-24680-CMA

DONALD SWEETBAUM,
          Plaintiff,

      vs.

CITY OF MIAMI,
          Defendant.

_____/

## CITY OF MIAMI'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, CITY OF MIAMI (the "City"), by and through its undersigned counsel,

hereby answers the Complaint [*D.E. 1*], and states:

### ANSWER

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Admitted that this Court has jurisdiction.

6. Denied.

7. The language of the statute is admitted.

8. Admitted that Exhibit A is attached. Denied that proper notice was given.

9. Admitted that more than 90 days have passed since the letter attached as

Exhibit A was sent. Denied that proper notice was given.

10. Denied.

11. Admitted that neither the State or the EPA have taken any such actions

relating to Plaintiff's property. Denied that proper notice was given. Denied that that the conditions described by Plaintiff exist.

12.   Venue is admitted.

13.   Admitted.

14.   Denied.

15.   Denied.

16.   Admitted that Coral Gables was a party to a lawsuit that resulted in an order requiring the incinerator to close in 1970.

17.   Admitted.

18.   It is impossible to admit or deny this paragraph because "historical remediation" is ambiguous in this context.

19.   It is impossible to admit or deny this paragraph because the City of Miami has no knowledge. The paragraph is phrased in the present and speaks to incinerators generally, yet the City of Miami has not operated an incinerator for more than 48 years.

20.   Denied.

21.   Denied.

22.   Denied.

23.   Denied.

24.   Denied.

25.   Denied.

26.   It is impossible to respond to this paragraph. The phrase "exceeded regulatory standards" is undefined. No regulations, state or federal are referred to in the paragraph.

27.     Reports were submitted to DERM.

28.     DERM requested additional testing at this unrelated property.

29.     The City did not specifically notify Plaintiff about preliminary testing at a location unrelated to Plaintiff.

30.     The City provided a preliminary report to DERM about this unrelated property. The report speaks for itself.

31.     Denied.

32.     The City of Miami is without knowledge as to whether Plaintiff occupies the property in question.

33.     Denied.

34.     The report speaks for itself.

35.     The City provided the Park sampling results to Plaintiff rather than the SAR2.

36.     Without knowledge.

37.     Admitted.

38.     Admitted.

39.     The report speaks for itself.

40.     Denied.

41.     Without knowledge.

42.     The City of Miami has no knowledge of whether there has "been a complete assessment and/or remediation of Plaintiff's property."

43.     Denied.

44.     This is unrelated to Plaintiffs property. DERM requested additional testing

at the location in question.

45.     This is unrelated to Plaintiffs property. The report speaks for itself. DERM

requested additional testing at the location in question.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Objection. The Florida statute in question is irrelevant to this claim.

50.     Denied that Plaintiff was required to retain counsel. The City of Miami is

without knowledge of the terms of the representation of Plaintiff.

51.     Denied.

52.     The language of the statute is admitted.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

All allegations not expressly admitted are hereby denied.


## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to provide notice required by the RCRA.

2.      Standing.

3.      Failure to state a claim.

Respectfully submitted,

VICTORIA MÉNDEZ, City Attorney
HENRY J. HUNNEFELD, Senior Assistant
City Attorney
DOUGLAS A. HARRISON, Assistant City Attorney
FORREST L. ANDREWS, Assistant City Attorney
Attorneys for City of Miami
444 S.W. 2nd Avenue, Suite 945
Miami, FL  33130-1910
Tel.: (305) 416-1800
Fax: (305) 416-1801
Primary E-mail: hjhunnefeld@miamigov.com,
daharrison@miamigov.com,
flandrewsjr@miamigov.com
Secondary E-mail: mgriffin@miamigov.com,
jjgreen@miamigov.com, kjones@miamigov.com

By: /s *Henry J. Hunnefeld*
   Henry J. Hunnefeld, Senior Assistant
   City Attorney
   Florida Bar No. 343811

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 9, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s *Henry J. Hunnefeld*

Henry J. Hunnefeld, Senior Assistant
City Attorney
Florida Bar No. 343811

## SERVICE LIST

Matthew P. Coglianese, Esq.
Rasco Klock Perez & Nieto, P.L.
2555 Ponce De Leon Blvd., Suite 600
Coral Gables, FL 33134
Attorney for Plaintiff